UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

RAYMOND DAVIS,

                          Plaintiff,

           -against-

CITY OF NEW YORK, JOHN DOES 1-4, JANE DOES 1-4

                        Defendants.
------------------------------------------------------------------- x

**ANSWER TO COMPLAINT**

07 CV 6430 (AKH)

Jury Trial Demanded

      Defendant City of New York by its attorney Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the complaint, respectfully alleges, upon information and belief, as follows:

      1. Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to proceed as stated therein.

      2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "2" of the complaint.

      3. Denies the allegations set forth in paragraph "3" of the complaint, except admits that the City of New York is a municipal corporation.

      4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the complaint.

      5. Denies the allegations set forth in paragraph "5" of the complaint, except admits that plaintiff purports to invoke the jurisdiction of this Court as stated therein.

      6. Denies the allegations set forth in paragraph "6" of the complaint, except admits that plaintiff purports to base venue as stated therein.

7. Denies the allegations set forth in paragraph "7" of the complaint, except admits that plaintiff was arrested on June 21, 2006.

8. Denies the allegations set forth in paragraph "8" of the complaint.

9. Denies the allegations set forth in paragraph "9" of the complaint.

10. Denies the allegations set forth in paragraph "10" of the complaint, except admits that plaintiff received an adjournment in contemplation of dismissal.

11. In response to the allegations set forth in paragraph "25" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "10" of this answer as if fully set forth herein.[1]

12. Denies the allegations set forth in paragraph "26" of the complaint.

13. Denies the allegations set forth in paragraph "27" of the complaint.

14. In response to the allegations set forth in paragraph "28" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "27" of this answer as if fully set forth herein.

15. Denies the allegations set forth in paragraph "29" of the complaint.

16. Denies the allegations set forth in paragraph "30" of the complaint.

17. In response to the allegations set forth in paragraph "31" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "30" of this answer as if fully set forth herein.

18. Denies the allegations set forth in paragraph "32" of the complaint.

19. Denies the allegations set forth in paragraph "33" of the complaint.

---

[1] In error, the complaint omits paragraphs 11-24.

20. Denies the allegations set forth in paragraph "34" of the complaint.

21. In response to the allegations set forth in paragraph "35" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "34" of this answer as if fully set forth herein.

22. Denies the allegations set forth in paragraph "36" of the complaint.

23. Denies the allegations set forth in paragraph "37" of the complaint.

24. In response to the allegations set forth in paragraph "38" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "37" of this answer as if fully set forth herein.

25. Denies the allegations set forth in paragraph "39" of the complaint.

26. In response to the allegations set forth in paragraph "41" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "39" of this answer as if fully set forth herein.[2]

27. Denies the allegations set forth in paragraph "42" of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

28.     The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

29.     Defendant City of New York has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

---

[2] In error, the complaint omits paragraph 40.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

30. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties, and was not the proximate result of any act of the defendant.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

31. There was probable cause for plaintiff's arrest and/or detention and/or prosecution.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

32. Plaintiff may have failed to comply with conditions precedent to suit.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

33. Plaintiff provoked any incident.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

34. To the extent that the complaint alleges any claims against the City of New York arising under state law, such claims are barred by the doctrine of immunity for judgmental errors in the exercise of governmental functions.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

35. Plaintiff cannot obtain punitive damages as against the City of New York.

### AS AND FOR AN NINTH AFFIRMATIVE DEFENSE

36. There was reasonable suspicion for any stop and/or search.

### AS AND FOR AN TENTH AFFIRMATIVE DEFENSE

37. Plaintiff's claims may be barred in part by the applicable statute of limitations.

**WHEREFORE,** defendant City of New York requests judgment dismissing the Complaint, as against it together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         October 10, 2007

                MICHAEL A. CARDOZO
                Corporation Counsel of the
                City of New York
                Attorney for Defendant City of New York
                100 Church Street
                New York, New York 10007
                (212) 442-8600

By: _____
      Sabrina Tann (ST 2552)
      Assistant Corporation Counsel
      Special Federal Litigation Division

To:   **BY ECF AND FIRST CLASS MAIL**
      Gregory Antollino, Esq.
      Attorney for Plaintiff
      1123 Broadway, Suite 902
      New York, NY 10010

Docket No. 07 CV 6430 (AKH)

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| RAYMOND DAVIS,<br><br>                                    Plaintiff,<br><br>            -against-<br><br>CITY OF NEW YORK, JOHN DOES 1-4, JANE DOES 1-4<br><br>                                    Defendants. |
| **ANSWER ON BEHALF OF DEFENDANT<br>CITY OF NEW YORK** |
| *MICHAEL A. CARDOZO*<br>*Corporation Counsel of the City of New York*<br>*Attorney for Defendant City of New York*<br>*100 Church Street*<br>*New York, N.Y. 10007*<br><br>*Of Counsel: Sabrina Tann*<br>*Tel: (212) 442-8600*<br>*NYCLIS No.* |
| *Due and timely service is hereby admitted.*<br><br>*New York, N.Y. ........................................,2007*<br><br>*............................................................... Esq.*<br><br>*Attorney for ..........................................................* |

- 6 -